IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-02854-CNS-KAS

DWAYNE A. JONES,

Plaintiff,

v.

JENNINE FERREN, Colorado Parole Officer, in her individual capacity; and,
JOHN/JANE DOE, AVCF Primary Care Provider, in their individual capacity,

Defendants.

---

**ORDER**

---

This matter is before the Court on Defendant Jennine Ferren's Motion to Dismiss (the "Motion"). ECF No. 24. Plaintiff Dwayne A. Jones, who represents himself, filed a Response, ECF No. 25, and Defendant Ferren filed a Reply, ECF No. 26. For the following reasons, the Court GRANTS the Motion, ECF No. 24.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Defendant Jennine Ferren filed a Motion to Dismiss your amended complaint, ECF No. 16. ECF No. 24. You filed a response, ECF No. 25, and Defendant Ferren filed a reply, ECF No. 26. Defendant Ferren argues that your amended complaint should be dismissed because the Section 1983 claims against her are barred by *Heck v. Humphrey*, you cannot bring individual-capacity Americans with Disabilities Act (ADA) claims, and the Court should decline to exercise supplemental jurisdiction over your Colorado Anti-Discrimination Act (CADA) claim. *Id*. at 6–11. For the reasons explained in further detail below, the Court agrees with Defendant's arguments. In addition, the Court concludes

that your claims against John/Jane Doe do not satisfy Federal Rule of Civil Procedure 10(a). Thus, the Court is dismissing your amended complaint, ECF No. 16, without prejudice.

## II. BACKGROUND[1]

In 2009, Plaintiff pleaded guilty in Arapahoe County, Colorado, to assault on a child (touching), a level four felony for which he was sentenced to ten years to life on sex offender intensive supervision probation. ECF No. 16 at 4. Later that year, Plaintiff's parole was revoked and Plaintiff was incarcerated in the Colorado Department of Corrections' Arkansas Valley Correctional Facility (AVCF). *Id.* Plaintiff was paroled from AVCF on February 20, 2018. *Id.*

During his 2009 to 2018 incarceration, Plaintiff's preexisting diabetes (diagnosed in 2008) worsened due to a denial of medical care by Defendant Doe, Plaintiff's primary care provider. *Id.* at 2, 4. Defendant Doe was "deliberately indifferent to plaintiffs [sic] serious diabetic disease," leading to Plaintiff suffering a heart attack and multiple strokes, *id.* at 7, which subsequently caused "severe permanent organic brain damages (cognitive deficiencies and demensia [*sic*])." *Id.* at 4.

In 2019, brain imaging revealed "multiple (uncountable) old strokes, inducing the permanent organic brain damages, caused by plaintiffs [sic] poorly treated diabetic disease, which affected plaintiff's vascular system, inducing the strokes." *Id.* Plaintiff now suffers from "severe, permanent, neurocognitive impairments (severe demensia) [sic], which impacts his daily life functions (short and long term memory impairments)[.]" *Id.* In

[1] The following facts are drawn from Plaintiff's operative complaint. For purposes of this motion, the Court accepts as true, and views in the light most favorable to Plaintiff, all factual allegations contained in the complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

October 2023, a Veteran Affairs physician opined that Plaintiff's 2019 imaging "showed multiple old strokes, likely having occurred while he was incarcerated" and that "[h]is level of cognitive impairment would . . . significantly hinder his ability to participate in any group therapy[.]" *Id.* at 15.

One condition of Plaintiff's parole was that he was to "successfully complete treatment at the discretion of the sex offender supervision team," and "participate in and successfully complete treatment and complete all requirements indicated by [a] needs assessment." *Id*. at 14. Plaintiff endeavored to complete the treatment program, at one point struggling "so hard to comprehend the curriculum, that he had a stroke in the classroom, and a [sic] ambulance had to transport [him] to the hospitol [sic]." *Id.* at 9. According to Plaintiff, he suffered an "inability to successfully complete the 'normal' sex offender treatment programs curriculum" due to his dementia and other related symptoms. *Id.* at 8. Plaintiff alleges that Defendant Ferren, as Plaintiff's parole officer, possessed Plaintiff's medical records and therefore knew or should have known about his condition, and should have placed him in a treatment program appropriate for individuals with his infirmities. *Id.* at 8-9.

In October 2023, Plaintiff came before a parole board, accused of six counts of parole violations for failing to complete his assigned sex offender treatment program. *Id.* at 5, 16-17. Plaintiff was found not competent to represent himself and the matter was pushed back a month to accommodate the schedule of board-appointed counsel. *Id.* At the later hearing, Plaintiff pleaded guilty to all six counts and his parole was revoked. *Id.*

In the instant Amended Complaint, Plaintiff asserts four 42 U.S.C. § 1983 claims: (1) Fourteenth Amendment due process and equal protection violations against

Defendant Doe and Defendant Ferren, in their individual capacities; (2) Eighth Amendment violation arising from cruel and unusual punishment against Defendant Doe and Defendant Ferren, in their individual capacities; (3) violation of the Americans with Disabilities Act (ADA); and (4) violation of the Colorado Anti-discrimination Act (CADA). *Id.* at 3, 5-8.

Defendant Ferren moves to dismiss this action on multiple theories. First, she argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's § 1983 claims. ECF No. 24 at 6-8. Second, she argues that the ADA claim cannot proceed because (1) the ADA does not permit suits against defendants in their individual capacities, (2) Eleventh Amendment immunity bars any money damages against Defendant Ferren in her official capacity, and (3) Plaintiff fails to state an actionable claim. *Id.* at 8-11. Lastly, she argues that the CADA claim has the same infirmities as the ADA claim and, alternatively, the Court should decline to exercise supplemental jurisdiction over that claim. *Id.* at 11-12.

## III. LEGAL STANDARDS

### A. A Pro Se Litigant's Court Filings

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id*. at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### B. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Rule 12(b)(1) challenges assume two forms. First, the moving party

may mount a "facial attack" that challenges the complaint's allegations as to the "existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When a party mounts a facial attack, courts must accept a complaint's allegations as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Id*. (citation omitted). Plaintiffs bear the burden of establishing subject matter jurisdiction because they are the parties asserting it. *See Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

**C. Federal Rule of Civil Procedure 12(b)(6)**

Under 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard,

however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Sias v. City & County of Denv.*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## IV. ANALYSIS

### A. *Heck v. Humphrey*

A plaintiff in a § 1983 suit cannot "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid[.]" *Heck*, 512 U.S. at 487. The test is to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* "[F]or § 1983 claims necessarily challenging the validity of a conviction or sentence, *Heck* delays the rise of the cause of action until the conviction or sentence has been invalidated." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

Particularly important for the case at bar, *Heck* not only applies to conviction and imprisonment, but also to probation and parole revocation. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (reasoning that the plaintiff's claim that his probation officer conspired with others to revoke his probation "necessarily implies the invalidity of his parole revocation. . . . and his subsequent incarceration."); *see also Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007) (affirming dismissal of § 1983 claim where the plaintiff failed to demonstrate that his parole revocation was invalidated by either a state tribunal or a federal habeas decision) (citing *Crow*, 102 F.3d at 1087).

In response to Defendant Ferren's *Heck v. Humphrey* argument, Plaintiff relies on *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). *See* ECF No. 25 at 6. However, while the Supreme Court determined that the inmates' claims challenging the validity of state procedures used to deny parole eligibility and suitability of parole were cognizable under § 1983, the Court noted that "[n]either inmate [sought] an injunction ordering his immediate or speedier release into the community." 544 U.S. at 82. Thus, the Court reasoned, a favorable judgment would not offend *Heck* because it "[would] not necessarily imply the invalidity of their convictions or sentences." *Id.* (citation modified). Specifically, for one inmate, success would "mean[] at most new eligibility review, which at most will speed *consideration* of a new parole application," and for the other inmate, success would "mean[] at most a new parole hearing at which [state] parole authorities may, in their discretion, decline to shorten his prison term." *Id*. (emphasis in original).

Here, Plaintiff's challenge is unlike the one raised in *Wilkinson*. He does not challenge the validity of the state procedures used to revoke his parole; rather, he challenges Defendant Ferren's alleged failure to consider his cognitive impairments and how those impairments impeded his ability to successfully complete sex offender treatment, a condition of his parole. In essence, Plaintiff asks the Court to invalidate his parole revocation because of Defendant Ferren's alleged failure. *See* ECF No. 16 at 10 ("The unconstitutional and illegal revocation of plaintiff['s] parole, and the re-incarceration of plaintiff for no other reason than his mental disabilities, is a violation of his rights to due process of law, equal protection of the laws, and constitutes cruel and unusual punishment.") (emphasis in original); *see also id*. at 13 (seeking monetary damages and declaratory and injunctive relief). This squarely falls within the *Heck* bar.

Accordingly, the Court dismisses Plaintiff's due process, equal protection, and cruel and unusual punishment claims against Defendant Ferren without prejudice.

**B. Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165**

To state an actionable Americans with Disabilities Act claim, Plaintiff must plausibly allege that (1) he "is a qualified individual with a disability"; (2) he "was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or the public entity otherwise discriminated against [him]"; and (3) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Trujillo v. Rio Arriba County ex rel. Rio Arriba Cnty. Sheriff's Dep't,* 319 F.R.D. 571, 609-10 (D.N.M. 2016) (citing *Robertson v. Las Animas Cnty. Sheriff's Dep't,* 500 F.3d 1185, 1193 (10th Cir. 2007)).

"While the ADA's remedial purposes are broad and far-reaching," *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999), the statute "does not create individual liability," *Brooks v. Colo. Dep't of Corr.*, 715 F. App'x 814, 818 (10th Cir. 2017) (affirming dismissal of Title II ADA claims against the defendants in their individual capacities). *See also* ECF No. 24 at 8-9.

In response to the Motion, Plaintiff cites a combination of cases, none of which concern individual-capacity ADA claims. *See* ECF No. 25 at 6-7. *Hafer v. Melo*, 502 U.S. 21 (1991) is not a disability case; rather, it concerned claims that the plaintiffs were discharged from their jobs because of their political affiliations. *Hafer* is only relevant for the principle that "state officials sued in their individual capacities are 'persons' for purposes of § 1983." *Id*. at 23. *Pennsylvania Department of Corrections v. Yeskey* is only relevant for the principle that "the plain text of Title II of the ADA unambiguously extends to state prison inmates" because "[s]tate prisons fall squarely within the statutory definition

of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government." 524 U.S. 206, 210, 213 (1998) (quoting 42 U.S.C. § 12131(1)(B)). And *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803 (10th Cir. 1999) concerns Eighth Amendment and Due Process claims, not ADA claims. *See id.* at 808, 809.

Because Plaintiff cannot state a claim for an ADA violation against Defendant Ferren in her individual capacity—which is the only capacity in which she is sued—the Court dismisses the ADA claim against Defendant Ferren without prejudice. *See* ECF No. 16 at 3.

**C. Claims Against Doctor John/Jane Doe**

Federal Rule of Civil Procedure 10(a) requires a complaint's title to name all the parties. "Dismissal against unknown defendants is proper 'only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention.'" *Krueger v. Doe*, 162 F.3d 1173 (Table), 1998 WL 717286, at *2 (10th Cir. 1998) (unpublished) (quoting *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)). And while a pro se litigant may be given significant leeway in his attempt to identify unknown defendants, a failure to obtain additional information can result in a dismissal of claims against those unknown defendants. *Id.* at *3 (affirming dismissal of Doe defendants, where despite a year's passage, the plaintiff had failed to identify them).

Here, over 700 days have passed since Plaintiff filed his initial Complaint listing Doctor John/Jane Doe as a defendant. *See* ECF No. 1 at 5. The Court recognizes that as an incarcerated pro se plaintiff, Plaintiff is at a disadvantage in identifying an unknown defendant. However, the record contains no indication that Plaintiff has made any effort

to learn the name of the unidentified defendant he has sued; namely, his "primary care provider . . . at [AVCF], during the period of [P]laintiff[']s initial incarceration," ECF No. 16 at 7. *See Colo. Dep't of Corr. Admin. Regul. 940-02 § IV(O)(2)* (noting that offenders have a "right to inspect, review and/or receive a copy of their [protected health information]"); *see also Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1172-73 (D. Colo. 2010) (taking judicial notice of prison regulations). Therefore, the Court concludes that dismissal of Plaintiff's claims against Doctor John/Jane Doe is warranted. *See Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011) (dismissing Doe defendants because of the plaintiff's failure to identify them despite the passage of a year); *see also Drexler v. Weiser*, No. 1:21-cv-00805-DDD-KAS, 2025 WL 1279116, at *13 (D. Colo. Mar. 31, 2025) (dismissing Doe defendant because of the plaintiff's failure to identify the individual despite "ample time" to do so and "multiple opportunities to amend [the] complaint"), *aff'd*, No. 25-1173, 2026 WL 2137881, at *12 (10th Cir. July 24, 2026).

Accordingly, the claims against Doctor John/Jane Doe are dismissed without prejudice.

**D. Colorado Anti-Discrimination Act (CADA)**

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction[.]" "The exercise of supplemental jurisdiction is discretionary." *Birdwell v. Glanz*, 790 F. App'x 962, 963-64 (10th Cir. 2010) (citation omitted).

As discussed above, dismissal of Plaintiff's federal claims is warranted. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's only remaining

claim which concerns an alleged violation of the Colorado Anti-Discrimination Act. *See* ECF No. 16 at 3. *See Birdwell*, 790 F. App'x at 964 ("When the federal claims disappear early in the litigation, a federal court should generally decline to exercise supplemental jurisdiction." (citation modified)).

Accordingly, the Court dismisses the CADA claim without prejudice, *see* ECF No. 16 at 3.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Ferren's Motion to Dismiss, ECF No. 24. The Amended Complaint, ECF No. 16, is DISMISSED WITHOUT PREJUDICE.

DATED this 30th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge